IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAIME LOUIS ACEVEDO, JR., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-4265 |
| | : | |
| DISTRICT ATTORNEY OFFICE, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**MARSTON, J.**                                                                    **October 29, 2024**

Plaintiff Jaime Louis Acevedo, Jr., a pretrial detainee currently incarcerated at the Berks

County Jail, brings this *pro se* action alleging violations of his civil rights.  Named as Defendants

are:  the Reading Police Department; the City of Reading;[1] Berks County; Katherine Lehman,

Assistant District Attorney ("ADA"); the Berks County District Attorney's Office; Craig G.

Snyder, Public Defender; the Berks County Public Defender's Office; and Detective Joseph

Snell, Reading Police Department.  Acevedo seeks to proceed *in forma pauperis*.  For the

following reasons, the Court will grant Acevedo *in forma pauperis* status and dismiss his

Complaint.  He will be granted leave to file an amended complaint.

---

[1] The Complaint is dated July 31, 2024, and was received by the Clerk of Court for filing on August 15, 2024.  (*See* Doc. No. 2 at 37, 39.)  The Clerk of Court received an additional submission from Acevedo on August 19, 2024, that was opened as a new matter and assigned Civil Action No. 24-4224. Because it was apparent that this second submission should have been filed in the case at bar, and not opened as a new matter, the Court directed that Civil Action No. 24-4224 be closed and the documents submitted therein transferred to Civil Action No. 24-4265.  (*See* Civ. A. No. 24-4224, Doc. No. 4.)  In his August 19, 2024 submission, Acevedo also included the City of Reading, Pennsylvania, and Berks County in the caption as Defendants.  (*See* Civ. A. No. 24-4224, Doc. No. 1 at 1.)  Thus, construing Acevedo's submissions liberally, the Court will construe the Complaint as naming the City of Reading and Berks County as additional Defendants.  (*See* Civ. A. No. 24-4265, Doc. No. 2-1 at 1.)

I.     **FACTUAL ALLEGATIONS[2]**

Acevedo's claims pertain to his pending state court criminal prosecution.  A review of the publicly available state court docket system reveals that Acevedo has been charged with first-, second-, and third-degree murder, as well as numerous assault and weapons charges, in a case that was initiated on January 24, 2024.  *See Pennsylvania v. Acevedo*, CP-06-CR-0001419-2024 (Ct. Comm. Pl. Berks Cnty.).  In this action, he argues that his constitutional rights were violated during pretrial proceedings in that case when his initial trial attorney threatened that the government would refuse to negotiate a plea to lesser charges unless Acevedo agreed to waive his right to a preliminary hearing.  Acevedo also claims he was coerced when he was told a co-defendant would testify against him.  And, Acevedo says his rights were violated when his second trial attorney allegedly refused to file pretrial motions in his defense.

A.     **Preliminary Hearing**

Acevedo alleges that his initial defense counsel, Daniel Nevins, Esquire, who is not named as a Defendant in this action, visited him at the Berks County Jail on March 23, 2024. (Doc. No. 2 at 6.)  According to Acevedo, Attorney Nevins informed Acevedo that he communicated with ADA Lehman about Acevedo's co-defendant "allegedly making a statement testifying against" him.  (*Id.*)  Attorney Nevins then advised that if Acevedo were to have a preliminary hearing, he would not be offered a plea deal and would go straight to trial.  (*Id.*)

---

[2] The factual allegations set forth in this Memorandum are taken from Acevedo's Complaint (Doc. Nos. 2, 2-1) and publicly available dockets.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).  The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

Three days later, despite the fact Acevedo had not signed a waiver of his right to a preliminary

hearing, Attorney Nevins agreed to waive it at a "stipulation hearing."[3]  (*Id.*)

When Acevedo later reviewed the discovery produced in this case, he found that,

contrary to Attorney Nevins' prior representations, that discovery did not include a statement by

Acevedo's co-defendant concerning information against Acevedo.  (*Id.* at 6.)  Given this,

Acevedo now argues he was "psychologically coerced into having a stipulation hearing."  (*Id.*)

He asserts that this "waived [his] Constitutional Right of the 6th amendment, not being able to be

confronted with the witnesses against [him].  And [his] right to a speedy trial."  (*Id.*)

### B.      Government's Proffer

Acevedo further claims that he was taken to the District Attorney's Office on March 30,

2024 to speak with ADA Lehman and Detective Joseph Snell.  (*Id.* at 8.)  Attorney Nevins was

present, and Acevedo signed a proffer.  (*Id.*)  Acevedo claims that ADA Lehman stated, "I know

that you have a baby and I know you would like to make it home one day to see your child.  So

please help us with this case and we'll remove first[-] and second[-]degree murder off your

charges."  (*Id.*)  He claims that ADA Lehman and Detective Snell used "bad cop good cop

trickery tactics" against him during this proffer.  (*Id.*)

### C.      Pretrial Motions

After the charges were held for court on April 30, 2024, and the case was transferred to

the Court of Common Pleas of Berks County, *Pennsylvania v. Acevedo*, MJ-23309-CR-0000015-

2024 (Magis. Ct. Berks Cnty.), Public Defender Snyder entered his appearance on behalf of

Acevedo on June 10, 2024, *Pennsylvania v. Acevedo*, CP-06-CR-0001419-2024 (Ct. Comm. Pl.

---

[3] Though the Complaint does not specify whether Acevedo attended this "stipulation hearing" and what exactly occurred during the hearing, Acevedo's filings in the state court action attached to the Complaint indicate that he did attend the hearing, and, during the hearing, neither he nor Attorney Nevins signed a "Waiver of Preliminary Hearing."  (*Id.* at 20–21.)

Berks Cnty.).  Acevedo alleges that on July 31, 2024, Public Defender Snyder told Acevedo he

would not file pretrial motions on Acevedo's behalf, such as "a suppression hearing" and a

habeas corpus petition, despite Acevedo's request to do so.  (*Id.*)  According to Acevedo, Public

Defender Snyder stated that a habeas corpus petition would be a waste of time and unnecessary

because "the Commonwealth has a prima facie case."  (*Id.*)  Acevedo alleges that no hearing was

held to establish a prima facie case.  (*Id.*)  Acevedo asserts that Public Defender Snyder violated

his right to file pretrial motions and that Acevedo attempted to file his own motions such as a

habeas corpus petition and a bill of particulars, but they were denied.  (*Id.*)

On August 7, 2024, Acevedo filed a letter on the state court docket addressed to Public

Defender Snyder and asked him to file a writ of habeas corpus and a motion to suppress evidence

on Acevedo's behalf.  (Doc. No. 2-1 at 2; Doc. No. 2-2 at 1–2.)  On August 13, 2024, Acevedo

participated in a video conference with Public Defender Snyder.  (*Id.*)  Acevedo contends that

Public Defender Snyder informed him that he would not file any motions on Acevedo's behalf

because they were not needed.  (Doc. No. 2-1 at 2.)  Public Defender Snyder also allegedly said:

"Who am I speaking with today?  Am I speaking with the Jaime that is [incompetent] to

withstand trial, or am I speaking with the Jaime who got spooked out of his preliminary hearing,

or am [I] speaking with the Jaime who is a lawyer that attended college for his degree[?]"  (*Id.*)

Acevedo responded that he had a right to have pretrial motions filed on his behalf and that Public

Defender Snyder was providing him ineffective assistance of counsel, to which Public Defender

Snyder stated that Acevedo did not have any rights because he had a stipulated hearing.  (*Id.*)

Acevedo asserts that his Sixth Amendment Speedy Trial rights and "right to pretrial

motions" have been violated.  (Doc. No. 2 at 3–4.)  Additionally, Acevedo contends that Public

Defender Snyder provided ineffective assistance and discriminated against him based on

Acevedo's history of mental health diagnoses.  (Doc. No. 2-1 at 2.)  In support of his claims,

Acevedo attached to the Complaint numerous submissions from Acevedo to the judicial officers

presiding over his state court criminal prosecution, as well as communications from Acevedo to

Public Defender Snyder, and from the Berks County Clerk of Courts to Acevedo in response to

his filings.  (*See* Doc. No. 2 at 12–34; Doc. No. 2-2 at 1–2.)  As relief for these alleged

violations, Acevedo seeks acquittal of all charges and for the case against him to be dismissed.

(Doc. No. 2 at 7.)  He also seeks monetary damages.  (*Id.*)[4]

## II.    STANDARD OF REVIEW

The Court will grant Acevedo leave to proceed *in forma pauperis* because it appears that

he is incapable of paying the fees to commence this civil action.[5]  Accordingly, 28 U.S.C.

§ 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the

---

[4] On October 8, 2024, Acevedo submitted a document for filing that was entered on the docket as an "Amended Complaint."  (Doc. No. 5.)  This filing is not an amended complaint and will not be considered as such.  Acevedo indicates that he seeks additional damages, and makes passing references to several other legal precepts such as false arrest and false imprisonment without any factual support.  Such passing references are not sufficient to raise claims under these principles. *See Campbell v. LVNV Finding, LLC and Resurgent Cap. Servs.*, No. 21-cv-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (A "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)); *Alexis v. Sessions*, No. 18-cv-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018).

Acevedo is advised that "[i]n general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.*  Furthermore, "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*). The Court is not authorized to permit piecemeal amendment or gradual supplementation of the operative pleading. *See Bryant v. Raddad*, No. 21-cv-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." (internal quotations omitted)).

[5] However, since Acevedo is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

Complaint fails to state a claim.  Whether a complaint fails to state a claim under

§ 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under

Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d

Cir. 1999), which requires the Court to determine whether the Complaint contains "sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the

Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable

inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, .

. . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366,

374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)),

*abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir.

2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Acevedo is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v.

Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239,

244–45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the

complaint has failed to name it." *Id.*  However, "'pro se litigants still must allege sufficient facts

in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented

litigant "'cannot flout procedural rules—they must abide by the same rules that apply to all other

litigants.'" *Id.*

## III.    DISCUSSION

Acevedo presents claims under 42 U.S.C. § 1983.  (*See* Doc. No. 2 at 3.)  Section 1983

"is not itself a source of substantive rights, but merely provides a method for vindicating federal

rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal

quotations omitted). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

Additionally, in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Furthermore, to state a § 1983 claim against a municipality, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). For the following reasons, Acevedo's claims are not plausible.

### A.    Request for Dismissal of Pending Criminal Charges

Acevedo requests that the Court acquit him of all charges and dismiss his state court criminal prosecution. (Doc. No. 2 at 7.) When a prisoner seeks dismissal of state charges because of constitutional violations, his claims must be pursued in state court or in a petition for a writ of habeas corpus filed in federal court; such claims are not cognizable in a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that

he is entitled to immediate release or a speedier release from that imprisonment, his sole federal

remedy is a writ of habeas corpus"); *see also Jaffery v. Atl. Cnty. Prosecutor's Off.*, 695 F.

App'x 38, 41–42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the

charges against him as a result of constitutional violations, such relief is only available through a

writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*)

("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of

constitutional violations, he is essentially asking for relief only available through habeas

corpus.").

Additionally, allegations that Defendants violated his right to a speedy trial cannot form

the basis of an underlying constitutional violation under § 1983. *See Garrett v. Murphy*, No. 21-

cv-2810, 2022 WL 313799, at *1 (3d Cir. Feb. 2, 2022) (*per curiam*) (affirming dismissal of

claim alleging violations of right to a speedy trial based on the duration of pretrial detention).

This is because "[a] speedy trial claim necessarily seeks dismissal of the indictment and leads to

immediate release from confinement, so it must be brought through a habeas petition after

exhausting state remedies." *Id.* (citing cases). Accordingly, to the extent Acevedo seeks

dismissal of the state charges pending against him, his claims are dismissed with prejudice

because they are not cognizable in a civil rights action.[6] The Court will address Acevedo's

remaining claims for damages below.

**B.      Claims Against the Reading Police Department**

Acevedo has named the Reading Police Department as a Defendant. Following *Monell*,

courts concluded that a police department is a sub-unit of the local government and, as such, is

---

[6] This dismissal does not preclude Acevedo from pursuing these claims and requests for relief through proper channels. *See Rushing v. Pennsylvania*, 637 F. App'x 55, 58 n.4 (3d Cir. 2016) (*per curiam*) ("The District Court's dismissal of his § 1983 complaint should not constitute a bar to any collateral attacks by Rushing against his state proceedings.").

merely a vehicle through which the municipality fulfills its policing functions. *See, e.g.*, *Johnson v. City of Erie*, 834 F. Supp. 873, 878–79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.*; *Martin v. Red Lion Police Dep't*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Township*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability") (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir. 1988)); *Bush v. City of Philadelphia*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010) (same).  Therefore, the Reading Police Department is not a proper defendant in this case under § 1983, and Acevedo's claims against it will be dismissed with prejudice.  To the extent that claims against the Reading Police Department can be understood to have been intended as claims against the City of Reading, those claims fail for the same reasons Acevedo's claims against the City of Reading and Berks County fail, as discussed below.

        **C.**        **Claims Against the City of Reading and Berks County**

As noted above, to plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694.  "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).  "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (internal quotation omitted). "Custom, on the other hand, can be proven by showing that a given course of conduct, although

9

not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).  For a custom to be the proximate cause of an injury, the defendant must have "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury."  *Id.* (internal quotations and alterations omitted).  In other words, "[c]ustom requires proof of knowledge and acquiescence by [a municipal] decisionmaker."  *McTernan*, 564 F.3d at 658.  General allegations that simply paraphrase the standard for municipal liability do not support a plausible claim.  *See Szerensci v. Shimshock*, No. 20-cv-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).

To the extent Acevedo seeks damages from the City of Reading or Berks County, he has failed to allege facts that support *Monell* liability.  Acevedo has not pled a municipal policy or custom with respect to any of the alleged constitutional violations, that any such policy or custom caused the alleged constitutional violations, or any municipal failures amounting to deliberate indifference.  Accordingly, any claims against the City of Reading or Berks County will be dismissed without prejudice.

### D.      Individual Capacity Claims Against ADA Lehman

Acevedo seeks to present various constitutional claims against Katherine Lehman, who is identified as an ADA, in her individual capacity.  (*See* Doc. No. 2 at 2.)  It is well settled that prosecutors are entitled to absolute immunity from liability for damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 430–31

(1976).  "[W]hether a prosecutor is entitled to absolute immunity depends on whether she

establishes that she was functioning as the state's 'advocate' while engaging in the alleged

conduct that gives rise to the constitutional violation." *Yarris v. County of Delaware*, 465 F.3d

129, 136 (3d Cir. 2006).  Absolute immunity extends to the decision to initiate a prosecution,

including "soliciting false testimony from witnesses in grand jury proceedings and probable

cause hearings," presenting a state's case at trial, and appearing before a judge to present

evidence.  *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020) (internal citations omitted).

"[P]rosecutors [also] are entitled to absolute immunity from claims for damages related to their

roles in choosing when and whether to dismiss charges or withdrawal an arrest warrant lodged

against a defendant." *Garcia v. Phila. Dist. Atty's Off.*, No. 23-cv-1224, 2023 WL 3750604, at

*2 (3d Cir. June 1, 2023) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991) (extending absolute

immunity to protect those functions in which the prosecutor acts as an "advocate for the State,"

even if they "involve actions preliminary to the initiation of a prosecution and actions apart from

the courtroom")), *cert. denied*, 144 S. Ct. 850 (2024).

Acevedo's allegations concern actions taken by ADA Lehman in Acevedo's state court

prosecution.  (*See* Doc. No. 2 at 6, 8.)  Because Acevedo's individual capacity claims against

ADA Lehman are based upon her actions as a prosecutor representing the Commonwealth in the

judicial phase of his state criminal proceeding, she is entitled to absolute immunity on these

claims.  Accordingly, the Court will dismiss with prejudice Acevedo's individual capacity claims

against ADA Lehman.

> **E.      Official Capacity Claims Against ADA Lehman and Claims Against the
> Berks County District Attorney's Office**

Acevedo checked the box on the form Complaint to indicate that he intends to present

claims against ADA Lehman in her official capacity, as well as her individual capacity.  (*See*

Doc. No. 2 at 2.)  These official capacity claims are essentially claims against the Berks County District Attorney's Office, which is also named as a Defendant in this case.  *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 690 n.55).  Acevedo has failed to provide any factual allegations in support of a claim against the Berks County District Attorney's Office.

Initially, it is not clear that the Berks County District Attorney's Office is an entity subject to suit under § 1983 such that it could be considered a proper defendant in this case.  *See Reitz v. County of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) (holding that "the Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability"); *see also Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (*per curiam*) ("[T]he Monmouth County Prosecutor's Office is not a separate entity that can be sued under § 1983."); *Harper v. City of Philadelphia*, No. 18-cv-365, 2018 WL 5784549, at *2 (E.D. Pa. Nov. 2, 2018) ("District courts within the Third Circuit disagree about whether the [District Attorney's Office] is a separate entity from the City of Philadelphia such that it can be sued separately under § 1983."). *But see Quintana v. City of Philadelphia*, No. 17-cv-996, 2017 WL 3116265, at *4 (E.D. Pa. July 21, 2017) ("Quintana may sue the District Attorney's Office in addition to the City."); *Sourovelis v. City of Philadelphia*, 103 F. Supp. 3d 694, 711–12 (E.D. Pa. 2015) ("[T]he Court concludes that neither § 16257 nor *Reitz* bars suit against the D.A.'s Office under the circumstances of this case.").

Even assuming that the Berks County District Attorney's Office could be subject to liability in a § 1983 action, Acevedo has not alleged a plausible basis for a claim against it because nothing in the Complaint suggests that the alleged violations of Acevedo's rights resulted from a policy or custom of the Berks County District Attorney's Office.  *See Monell,*

436 U.S. at 694; *McTernan,* 564 F.3d at 658; *see also Barosh v. Ramirez*, No. 19-cv-322, 2020 WL 416844, at *6 (M.D. Pa. Jan. 27, 2020) ("[E]ven assuming that Plaintiff can proceed against the [District Attorney's Office], he has failed to set forth a municipal liability claim against that entity.").  Accordingly, the Court will dismiss with prejudice Acevedo's official capacity claims against ADA Lehman[7] and any claims against the Berks County District Attorney's Office.

> **F.     Claims Against Public Defender Snyder and the Berks County Public Defender's Office**

Acevedo seeks to present constitutional claims against Berks County Public Defender Snyder in both his individual and official capacities for actions taken as defense counsel in Acevedo's state court criminal prosecution.  (*See* Doc. No. 2 at 6, Doc. No. 2-1 at 2.)  Acevedo's individual capacity claims against Public Defender Snyder are not plausible because an attorney performing the traditional functions of counsel is not a state actor for purposes of § 1983.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *see also Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10,

---

[7] Acevedo's official capacity claims against ADA Lehman also can be dismissed because ADAs do not have policymaking authority.  *See DeSousa v. City of Philadelphia*, No. 11-cv-3237, 2012 WL 6021319, at *2 (E.D. Pa. Dec. 4, 2012) (dismissing official capacity claims against ADA because "under Pennsylvania law, assistant district attorneys do not possess policymaking authority for the District Attorney's Office") (citing *Patterson v. City of Philadelphia*, No. 08-cv-2140, 2009 WL 1259968, at *10 (E.D. Pa. May 1, 2009); *Payson v. Ryan*, No. 90-cv-1873, 1992 WL 111341, at *11 (E.D. Pa. May 14, 1992), *aff'd*, 983 F.2d 1051 (3d Cir. 1992)).

2022) ("Plaintiff['s] dissatisfaction with the representation provided by [his attorney] does not provide a basis for a civil rights claim against him.").

Additionally, because public defenders are not state actors "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," *Polk County*, 454 U.S. at 325, their employing entities, i.e., public defender's offices, have been treated similarly in this context, *see Dorn v. Aguilar*, 645 F. App'x 114, 115 (3d Cir. 2016) (*per curiam*) ("As explained by the District Court, Dorn did not state a claim for relief against his public defender and the public defender's office because neither is a state actor for purposes of § 1983."); *see also Gannaway v. PrimeCare Med., Inc.*, 652 F. App'x 91, 95 (3d Cir. 2016) (*per curiam*) ("We also conclude that the District Court properly granted summary judgment to the defendants on Gannaway's claims against the Berks County Public Defender's Office and the appointed lawyers who represented him in criminal proceedings.").  Even if the Berks County Public Defender's Office could be subject to liability in a § 1983 action, Acevedo has not alleged a plausible basis for a claim against it because nothing in the Complaint suggests that the alleged violations of Acevedo's rights resulted from a policy or custom of the Berks County Public Defender's Office.  *See Monell,* 436 U.S. at 694; *McTernan,* 564 F.3d at 658; *see also Barosh*, 2020 WL 416844, at *6.  Accordingly, Acevedo's claims against Public Defender Snyder and the Berks County Public Defender's Office will be dismissed with prejudice.

## G.    Claims Against Detective Snell

Acevedo has named Detective Snell, a detective with the Reading Police Department, as a Defendant in both his individual and official capacities.[8]  (*See* Doc. No. 2 at 1, 4.)  Acevedo

---

[8] Joseph Snell is listed as the arresting officer on the publicly available state court dockets. *Pennsylvania v. Acevedo*, MJ-23309-CR-0000015-2024 (Magis. Ct. Berks Cnty.); *Pennsylvania v. Acevedo*, CP-06-CR-0001419-2024 (Ct. Comm. Pl. Berks Cnty.).

alleges that Detective Snell was present during the March 30, 2024 conversation with ADA

Lehman when Acevedo signed a proffer letter.  (*See* Doc. No. 2 at 8.)  As noted above, a

defendant in a civil rights action must have personal involvement in the alleged wrongs to be

liable.  *See Rode*, 845 F.2d at 1207; *see also Jutrowski v. Township of Riverdale*, 904 F.3d 280,

290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for

his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677).  Personal involvement requires

particular 'allegations of personal direction or of actual knowledge and acquiescence.'" *Dooley*

*v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Rode*, 845 F.2d at 1207)).  Other than

claiming that Detective Snell and ADA Lehman used "good cop, bad cop" tactics against him,

Acevedo alleges no facts about Detective Snell's actions and has not alleged how Detective Snell

may be held liable for a constitutional claim.  Accordingly, any individual capacity claims

against Detective Snell will be dismissed without prejudice.

As stated above, official capacity claims against municipal officials are indistinguishable

from claims against the municipality that employs them.  *See Kentucky v. Graham*, 473 U.S. at

165–66.  Therefore, Acevedo's official capacity claims against Detective Snell are treated as

claims against the Reading Police Department.  *See id.*  As explained above, the Reading Police

Department, as a sub-division of a municipality (i.e., the City of Reading), is not a proper

defendant in a case brought under § 1983.  *Martin*, 146 F. App'x at 562 n.3; *Bonenberger*. 132

F.3d at 25; *Bush*, 684 F. Supp. 2d at 636.  Accordingly, Acevedo's official capacity claims

against Detective Snell will be dismissed with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Acevedo leave to proceed *in forma*

*pauperis* and dismiss his Complaint.  Acevedo's claims against the Reading Police Department,

ADA Lehman, Public Defender Snyder, the Berks County District Attorney's Office, the Berks County Public Defender's Office, and Detective Snell in his official capacity will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. His claims for injunctive relief in the form of dismissal of his criminal charges also will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. He will not be given leave to amend these claims because the Court concludes that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

All other claims, i.e., Acevedo's damages claims against Detective Snell in his individual capacity and his damages claims against the City of Reading and Berks County, will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Acevedo will be given an opportunity to correct the defects in his claims by filing an amended complaint. Any amended complaint must clearly describe the factual basis for his claims and how the defendant was personally involved in the alleged denial of his rights. Acevedo may not reassert a claim that has already been dismissed with prejudice, or rename a party that has already been terminated from this case.[9]

---

[9] This Court has an obligation to abstain from considering certain types of cases pursuant to the principles of *Younger v. Harris*, 401 U.S. 37 (1971). "To promote comity between the national and state governments," the *Younger* abstention doctrine "requires federal courts to abstain from deciding cases that would interfere with certain ongoing state proceedings." *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77–78 (2013)). When determining whether *Younger* abstention is proper, a court first must examine the underlying state court litigation to determine whether it falls into one of three categories of cases: (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function. *See PDX N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (internal quotations omitted). At the second stage, the court must consider three factors articulated by the Supreme Court in *Middlesex Cnty. Ethics Comm. v. Garden State Bar Assoc.*, 475 U.S. 434, 432 (1982), whether: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity to raise constitutional challenges in the state proceeding. *See Malhan*, 938 F.3d at 462–64. Because Acevedo has not pled any plausible claim, the Court need not address whether *Younger* abstention necessitates that any claims be stayed pending resolution of his state criminal proceedings. However, if Acevedo files an amended

An appropriate Order follows, which provides further instruction about amendment.

---

complaint raising nonconclusory claims, the Court will consider at that time whether the doctrine is applicable.