IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAIME LOUIS ACEVEDO, JR.,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-4265 |
| | : | |
| **DISTRICT ATTORNEY OFFICE,** *et al.*, | : | |
|     **Defendants.** | : | |

## ORDER

AND NOW, this 29th day of October, 2024, upon consideration of Plaintiff Jaime Louis Acevedo, Jr.'s Motion to Proceed *In Forma Pauperis* (Doc. No. 1), his Prisoner Trust Fund Account Statement (Doc. No. 3), and his *pro se* Complaint (Doc. No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Jaime Louis Acevedo, Jr., #2019-1302, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Berks County Jail or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Acevedo's inmate account; or (b) the average monthly balance in Acevedo's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Acevedo's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Acevedo's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of Berks County Jail.

4. The Complaint is **DEEMED** filed.

5. The Clerk of Court is **DIRECTED** to add the following Defendants to the docket: (a) City of Reading, and (b) Berks County.

6. For the reasons stated in the Court's Memorandum, the Complaint is dismissed as follows:

   a. All claims against the Reading Police Department, Assistant District Attorney Lehman in her individual and official capacities, Public Defender Snyder in his individual and official capacities, the Berks County District Attorney's Office, the Berks County Public Defender's Office, and Detective Snell in his official capacity are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

   b. Claims for injunctive relief in the form of dismissal of Acevedo's criminal charges are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

   c. All other claims, *i.e.*, Acevedo's damages claims against Detective Snell in his individual capacity and his damages claims against the City of Reading and Berks County, are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

7. Acevedo may file an amended complaint within thirty (30) days of the date of this Order only as to his damages claims against Detective Snell in his individual capacity, the City of Reading, and Berks County. Any amended complaint must identify all defendants in the

caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Acevedo's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Acevedo should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. The Clerk of Court is **DIRECTED** to send Acevedo a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Acevedo may use this form to file his amended complaint if he chooses to do so.

9. If Acevedo does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

10. If Acevedo fails to file any response to this Order, the Court will conclude that Acevedo intends to stand on his Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239–40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

*/s/ Karen Spencer Marston*
**KAREN SPENCER MARSTON, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).